## MARVIN A. LAWRENCE *et al.*

*v.*

## H. C. STEADMAN *et al.*

1. ATTACHMENT—*in proceedings by—against partners.* In a proceeding by attachment, against H and S, the affidavit alleged two grounds for suing out the writ—1st, That H was about to depart the State, with the intent to remove his effects, to the injury of his creditors, and 2d, That H and S were about fraudulently to sell and assign their property and effects, so as to hinder and delay their creditors. The defendants filed separate pleas traversing the affidavit: *Held*, that, the proof having failed to sustain the cause alleged against S, a recovery could not be had against both defendants, by proving the first allegation against H.

2. SAME—*only those who are brought by the affidavit within the provisions of the statute—can be proceeded against.* In proceedings by attachment, the affidavit must bring those against whom the writ issues within the provisions of the act, and only those who are thus brought within its provisions can be proceeded against.

3. PRACTICE AT LAW—*in attachment proceedings—suit abates—where a plea in abatement is sustained.* The practice in this State is, that where a plea in abatement, traversing the affidavit, is sustained on the trial, to abate the suit.

4. And in this case, the plaintiff having wholly failed to prove any grounds for the attachment against both defendants, the plea in abatement should be sustained, and the suit abated. S, then, being out of court, no judgment could

be rendered against both, without which, the property of H could not be sold under the attachment.

APPEAL from the Superior Court of Chicago.

The opinion states the case.

Messrs. BARKER.& TULEY, for the appellants.

Messrs. SPAFFORD & McDAID, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a proceeding under the attachment act, to recover for moneys alleged to have been advanced by appellants to appellees to purchase grain and other produce to be shipped to appellants.    Lawrence, on behalf of his firm, filed his affidavit, which alleges that Hagerman was about to depart from the State, with the intention of removing his effects, to the injury of appellants and other creditors, and that appellees were about fraudulently to sell and assign their property and effects, so as to hinder and delay their creditors in collecting their debts.    Upon this affidavit a writ of attachment was issued and levied upon property.    A declaration was filed in assumpsit containing the appropriate common counts.

Appellees appeared and severally filed pleas.    Steadman, in his plea, denies that he was about fraudulently to sell and assign the property of Steadman & Hagerman as alleged; and Hagerman, by his plea, denies that he was about to depart this State with the intention of removing his property, or that he was about to sell his own property, or that of the firm of Steadman & Hagerman, as alleged in the affidavit.    Issues were joined on these pleas, a trial was had before the court and a jury, and a verdict was rendered in favor of the defendants.    A motion for a new trial was entered but overruled by

the court, and a judgment was rendered on the verdict, and this appeal is prosecuted for its reversal.

It is insisted that the court trying the cause erred in refusing to give appellants' first instruction, which is this:

" If the jury believe, from the evidence, that the allegations of the plaintiff's affidavit in regard to Hagerman's departing from this State with the intent alleged is true, they will find for the plaintiffs on that issue, and fix the plaintiffs' damages at the amount of claim proven."

It will be observed that the affidavit alleged two grounds for suing out the attachment. One was, that Hagerman was about to remove from the State, with the intent to have his effects so removed, to the injury of his creditors. This is one specific, distinct ground for an attachment against Hagerman alone, that in no manner could affect his partner, Steadman. The other ground is, that Steadman & Hagerman were about fraudulently to sell and assign their property and effects, so as to hinder and delay their creditors. This ground was against Hagerman and his partner, but not against him separately, as was the other. Under the first ground, an attachment might issue against Hagerman's property and effects, but surely not against Steadman's. Had an attachment issued against Hagerman, on that allegation, his individual property, and his interest in the firm property, might, no doubt, have been attached; but no one would contend that Steadman's individual property, or his interest in the firm property, could have been seized and held under such a writ. It only made a case for issuing a writ of attachment against Hagerman.

By the 6th section of the attachment law it is provided, that in all cases where two or more persons are jointly indebted, either as partners or otherwise, and an affidavit, as required by the 1st section of the act, is filed, so as to bring one or more of such joint debtors within its provisions, and amenable

to the process of attachment, then the writ of attachment shall issue against the property and effects of such as are so brought within the provisions of the attachment law; and the officer shall be also directed, in the writ, to summons all such joint debtors as may be named in the affidavit filed in the case, to answer to the action as in other cases of attachment. If, then, the allegations in reference to Hagerman, had been relied upon alone to sustain an attachment, the writ should have only required his property to be seized, but should have commanded Steadman to appear and answer to the action. It would, under that clause in the affidavit, have been manifest error to have issued a writ against the property of Steadman, or his interest in the firm property. But the affidavit goes farther, and makes out another and distinct ground for an attachment against both partners, under the amendatory act of the 13th of February, 1865, p. 104. The affidavit, so far as it relates to both appellees, conforms to the third clause of the 1st section of the amendatory act.

Inasmuch, however, as there was no evidence upon which to base a verdict against Steadman, the question is presented, whether appellants had a right to recover a judgment for the debt against both, by proving the cause of attachment against Hagerman, and have his interest in the property sold. The allegation is, that he is about to remove his property from the State,—not that he intended to remove the firm property from the State.

It has been the uniform practice in this State, where a plea in abatement, traversing the allegations of the affidavit for the writ, is sustained on the trial, to abate the suit. In this case, the plea in abatement of the writ against both partners, was found for them, and, under the evidence, no other verdict could have been sustained. And on this finding, then, the writ against the partners should be abated, and the action terminated as to them, and they were entitled to a judgment abating the action. Steadman was, then, out of court, and,

35—49TH ILL.

that being the case, no judgment could be rendered against the firm, and without such a judgment, the property of Hagerman could not be sold on the attachment. The plaintiffs had sued upon a joint indebtedness, and had sued out the two attachments, and failing to recover a judgment against the defendants, both writs must fall, and no order for a sale of the property could be made.

Had appellees pursued the 6th section of the attachment act, a different result might have been attained. Had the affidavit against Hagerman alone been filed, describing the claim as a firm debt, and a writ of attachment had issued against him, and Steadman had been summoned, Hagerman could have pleaded in abatement of the attachment, and Steadman in bar of the action, and had the issues been found against them, then a judgment would have been rendered against them for a recovery of the debt, and an order for the sale of the property of Hagerman which had been seized under the attachment. But without both issues formed in this case had been found for appellees they could not succeed.

Had an ordinary action been brought against appellees, and a writ of attachment, in aid of the suit, been sued out against Hagerman, the case would then have stood in the same attitude as if the proceeding had conformed to the requirements of the 6th section of the attachment act. In either case, a judgment must be recovered on the claim upon which suit is brought, before the property attached can be ordered to be sold. And in this case, failing to prove any grounds for the attachment against the firm, the plea in abatement was compelled to be sustained, and the instruction informed the jury that it could not matter if that plea in abatement was sustained, and they should, nevertheless, if they believed that Hagerman had failed to sustain his plea in abatement, proceed to assess the damages proved against the firm. It will be perceived, from what has been said, that this instruction was

wrong and calculated to mislead the jury, and was, therefore, properly refused.

No error is perceived in this record, and the judgment of the court below must be affirmed.

*Judgment affirmed.*